NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD POST,

        Plaintiff - Appellant,

   v.

FRANK BISIGNANO, Commissioner of
Social Security,

        Defendant - Appellee.

No. 25-2171

D.C. No.
3:24-cv-05112-SKV

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted April 20, 2026[**]
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and KOH, Circuit Judges.

Richard Post seeks review of the district court's affirmance of the

Commissioner of Social Security's denial of his applications for Supplemental

Security Income and Disability Insurance Benefits.  Because the parties are

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

familiar with the facts, we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the record "as a whole" to determine if the ALJ's factual findings are "supported by substantial evidence." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017); 42 U.S.C. § 405(g). The substantial-evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. 97, 108 (2019) (citation modified). We review de novo the district court's decision. *Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022).

Substantial evidence supports the ALJ's finding that Post was unmedicated when the forced expiratory volume in one second ("FEV1") test was administered on July 15, 2022. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.00(E)(2)(a) (requiring claimant to be "medically stable" at the time of spirometry testing). The July 15, 2022 appointment was the first pulmonologist appointment to which Post reported in two years, and Post told the doctor that, prior to the visit, he had not received Nucala or prednisone, two of his prescribed medications, for a prolonged period. Additionally, at other doctor visits besides the July 2022 appointment, tests and self-assessments by Post generally indicated fairly stable pulmonological health. Post's positive response to respiratory treatment when he did receive care also supports the conclusion that "the evidence can rationally be interpreted" to support the ALJ's finding that Post did not meet Listing 3.02A's requirements.

*Ahearn v. Saul*, 988 F.3d 1111, 1115–16 (9th Cir. 2021) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)).

We reject the argument that the ALJ failed to adequately develop the record. Post was represented by counsel, and the relevant medical evidence was sufficiently clear. *Cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("When the claimant is unrepresented . . . the ALJ must be especially diligent in exploring for all the relevant facts."); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (additional inquiry appropriate when basis of competing medical opinions is unclear). Whether Post used albuterol, a bronchodilator, before the July 2022 FEV1 test is inconsequential because substantial evidence supports the ALJ's finding that Post was not properly using other prescribed medications in July 2022. The contradictory FEV1 result from December 2018 and Post's positive response to treatment are "adequate to support" the ALJ's conclusion that Post did not meet the requirements of Listing 3.02A. *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (quoting *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015)).

**AFFIRMED.**